**CHANG DONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4662–ag.**

United States Court of Appeals, Second Circuit.

July 24, 2008.

*U.S. Dep't of Justice,* 480 F.3d 104, 123 (2d Cir.2007).

David X. Feng, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, Stephen J. Flynn, Senior Litigation Counsel, Peter H. Matson, Atty., Of-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

fice of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSEPH M. McLAUGHLIN and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Chang Dong Chen, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA, affirming the November 21, 2005 decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Dong Chen,* No. A70 904 358 (B.I.A. Sept. 28, 2007), *aff'g* No. A70 904 358 (Immig. Ct. N.Y. City Nov. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, because Chen failed to challenge the agency's denial of his request for CAT relief before the BIA or this Court, we find that any such argument has been abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007); *see also Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Howev-

er, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

We conclude that the agency's adverse credibility determination was supported by substantial evidence. The IJ found that while Chen testified and stated in his amended asylum application that he had a confrontation with family planning officials and feared being sterilized in China, he omitted those assertions in his original asylum application. Such omissions are plainly material to Chen's claim because his confrontation with family planning officials and the threat of sterilization were ostensibly the cause for his flight from China. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006) (citing *Jin Hui Gao v. U.S. Atty. Gen.,* 400 F.3d 963, 964 (2d Cir.2005)).

The IJ also found that Chen testified inconsistently regarding the amount of the fines allegedly imposed on him as a result of his violation of the family planning policy. Indeed, while Chen testified that he was fined 3,000 RMB following the birth of his second child, his original asylum application states that he was fined 500 RMB. When asked to explain this inconsistency, Chen testified that the error was probably due to the fact that "the person who helped him fill out the form spoke Mandarin." However, no reasonable fact-finder would be compelled to credit that explana-

tion. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The agency also found that Chen failed to provide corroborative evidence in the form of photos of his children and evidence that his wife was sterilized. In this regard, because Chen was properly deemed not credible, the IJ did not err in finding that his lack of corroborative evidence rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen,* 471 F.3d at 341.

While the IJ erroneously relied on one inconsistency,[2] remand is not required because this Court can "confidently predict" that the agency would adhere to its decision on remand. *See Xiao Ji Chen,* 471 F.3d at 339–40. Indeed, when considered as a whole, the agency's credibility determination was supported by substantial evidence. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 107 (2d Cir.2006).

Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his asylum and withholding of removal claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. We can locate no support in the record for the IJ's finding that Chen testified inconsistently regarding whether he learned of the 3,000 RMB fine before or after he left China.

It appears that Chen referred to two different fines for the birth of his second and third children.